IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CR-00024-01-W-HFS |
| | ) | |
| | ) | |
| HPI PRODUCTS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## SENTENCING MEMORANDUM

The parties have been debating an appropriate fine in this environmental prosecution and have agreed to the court's ruling without a further in-court proceeding. A serious question is the defendant company's financial condition. Important issues are also the gravity of the offense (involving illegal storage and illegal dumping) and the deterrence requirements, both for this company and others that might violate environmental requirements. The Government asks for a fine of at least $500,000 whereas the defendant asks that the fine be no more than $100,000. Both sides seek adjustments for future costs of environmental clean-up and restoration. Over a million dollars have already been expended in remediation, with much still to be done.

I have concluded that there are no safe predictions and that a simple fine would be appropriate, leaving civil damages and remediation issues to be determined in other pending proceedings. I will impose a $300,000 fine, payable in $5,000 monthly installments, but with the suggestion that if the defendant becomes seriously in danger of insolvency the Government should exercise its authority to seek forgiveness of all or part of the fine. My major interest in imposing a

below guideline sentence on the individual defendant William Garvey has been to keep the company operational. Although my control is ending, the prosecution would be frustrating the intent of the sentences if it would allow the company to go under simply because of the fine here imposed. Such relief probably is not needed, but that is simply my best guess.

Lenders have imposed a $300,000 annual cap on the company's environmental obligations. I doubt that this is a nonnegotiable fixed figure, and consider that this fine is hardly a sum that looms large when it is less than twice the annual salary of the principal officer.

On the other hand I conclude that the offense is not so grave that it demands a larger fine, as the Government advocates. The violation that has been emphasized is unauthorized storage. That not only seems correctable, but surely does not alarm and trouble the public as much as unauthorized dumping. There has been no showing of dangerous or probably harmful contamination downstream. The seriousness of the offense (even though long-standing) is thus not belittled by the fine that is being imposed.

I have reviewed and considered the voluminous showing and arguments of the parties and am using a judgment consistent with the attached provisos. Any notice of appeal must be filed within ten days of execution of a judgment form.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

March  23 , 2010

Kansas City, Missouri